**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 28, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2019AP885-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017CF448

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

CHRISTOPHER S. SPAULDING,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Jefferson County: BENNETT J. BRANTMEIER, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Christopher Spaulding appeals a judgment of conviction entered after he pled guilty to one count of possession of child

pornography, as a repeater. *See* WIS. STAT. §§ 948.12(1m), 939.62(1)(c) (2017-18).[1] Spaulding challenges the circuit court's denial of a motion to suppress, arguing that the police lacked reasonable suspicion to conduct a warrantless search of his home. We reject Spaulding's arguments and affirm.

## BACKGROUND

¶2    The State charged Spaulding with one count of possession of child pornography, as a repeater. The charge was based on evidence seized during a search of Spaulding's residence by law enforcement. At the time of the search, Spaulding was on probation following a conviction for felony identity theft. Under 2013 Wis. Act 79, § 9 ("Act 79"), law enforcement may search a probationer, his residence, and any property under his control "if the officer reasonably suspects that the person is committing, is about to commit, or has committed a crime or a violation of a condition of probation." WIS. STAT. § 973.09(1d). Spaulding moved to suppress the evidence seized during the search of his residence, arguing that law enforcement lacked reasonable suspicion to search the premises pursuant to Act 79. The circuit court denied the motion after a hearing, concluding that law enforcement had reasonable suspicion sufficient to justify a search of Spaulding's residence. Spaulding appeals.

## STANDARD OF REVIEW

¶3    When we review a suppression issue, we uphold the circuit court's factual findings unless those findings are clearly erroneous. *State v. Johnson*, 2007

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

WI 32, ¶13, 299 Wis. 2d 675, 729 N.W.2d 182. We review de novo whether the facts satisfy the standard for reasonable suspicion. *See id.*

DISCUSSION

¶4 Generally, a full search cannot be conducted absent probable cause. *State v. Anderson*, 2019 WI 97, ¶2, 389 Wis. 2d 106, 935 N.W.2d 285. "However, if a person is subject to Act 79, a full search may be conducted on the lesser showing of reasonable suspicion." *Id.* On appeal, Spaulding does not dispute that he was subject to Act 79 as a result of his probation status. However, he challenges certain factual findings of the circuit court, and he argues that law enforcement lacked the requisite reasonable suspicion to search his residence. For the reasons discussed below, we reject Spaulding's arguments.

¶5 Police detective Chad Garcia testified at the suppression motion hearing that he received a "cyber tip" from the National Center for Missing and Exploited Children. The tip came from a bar manager who claimed that Spaulding, who was an employee of the bar, possessed child pornography. Garcia met with the bar manager, who told him that one of the bar's patrons had learned from another bar employee, Chad Hansen, that Spaulding, who was his roommate, had used Hansen's computer to access child pornography while Hansen was in jail the prior year. Garcia attempted to locate Hansen but was unsuccessful. Garcia then spoke with Spaulding's probation agent and confirmed Spaulding's address. Garcia went to Spaulding's apartment with another officer and knocked on the door.

¶6 According to Garcia's testimony at the suppression motion hearing, Spaulding answered the door and then quickly exited the apartment and closed the door behind him. Garcia testified that, based on his twenty-three years of law enforcement experience, he found it very rare for someone to step out and close the

3

door behind him when having contact with law enforcement. Garcia also testified that it was "unusual" because, before the door closed, he could see a small child in the apartment and it was not clear if there was anyone else inside the apartment with the child. When Garcia advised Spaulding of why he and the other officer were there, Spaulding responded that he does not look at child pornography and that he does not have any electronic communication devices. Garcia testified that he found this "very unusual," both because he does not "know of anyone from teenage years up through their 60s that doesn't have any electronic devices" and because Spaulding was so quick to state that he did not have any electronic devices.

¶7      Garcia then informed Spaulding that the officers would be doing an Act 79 search of the apartment to look for electronic devices. Upon searching the apartment, the officers found and seized electronic devices including cell phones, laptops, and tablets. Forensic searches of the devices revealed images and video featuring children engaged in sexual acts. The images and video were connected to a user account belonging to Spaulding.

¶8      At the close of the suppression motion hearing, the circuit court found that the behaviors demonstrated by Spaulding when Garcia showed up at his door—including stepping outside, closing the door quickly while there was a young child inside, and blurting out that he did not have any electronic devices—were sufficient to establish that the officers had reasonable suspicion that Spaulding had committed or was about to commit a crime.

¶9      Spaulding challenges two of the factual findings made by the circuit court in denying his suppression motion. First, he argues that the circuit court erroneously found that Spaulding left a small child inside "unsupervised" when he closed the door behind him. We reject this argument. Garcia's testimony supports

the court's finding that Garcia saw a small child inside the apartment before Spaulding closed the door. Spaulding does not assert, and the record does not establish, that there was anyone else inside the apartment to supervise the child. Accordingly, Spaulding fails to persuade us that the circuit court's finding on this point is clearly erroneous. *See Johnson*, 299 Wis. 2d 675, ¶13.

¶10 Next, Spaulding argues that the circuit court erred in finding that, upon learning that the officers were there to investigate allegations regarding child pornography, Spaulding immediately blurted out that he did not have any electronic devices. The record contradicts Spaulding's argument on this issue. Garcia testified explicitly that Spaulding "blurted out" that he did not have any electronic devices, even though Garcia had not asked him anything. The circuit court's finding on this point is not clearly erroneous. *See id.*

¶11 Finally, Spaulding argues that, even if the circuit court's factual findings are not clearly erroneous, the cyber tip and Garcia's observations, taken together, do not provide reasonable suspicion justifying a search of his residence. We disagree. What constitutes reasonable suspicion is a common-sense, totality-of-the-circumstances test that asks, "[w]hat would a reasonable police officer reasonably suspect in light of his or her training and experience[?]" *State v. Waldner*, 206 Wis. 2d 51, 56, 556 N.W.2d 681 (1996). A police officer has reasonable suspicion when he observes acts that are individually lawful but, when taken together, allow that officer to objectively discern "a reasonable inference of unlawful conduct." *Id.* at 60.

¶12 Here, we are satisfied based on the totality of the circumstances that Garcia had an objectively reasonable basis to believe that Spaulding was involved in criminal activity. Garcia testified as to several different factors that he found,

based on his training and experience, to be unusual. He found it unusual that Spaulding stepped out of his apartment quickly, that he closed the door behind him when there was a child inside, and that he stated quickly that he did not have any electronic devices like laptops, tablets, or phones. We conclude that these factors, when considered with the fact that they occurred in quick succession and when considered alongside the cyber tip as well as Garcia's knowledge of Spaulding's probation status, supported a reasonable inference by Garcia that Spaulding was involved in criminal activity.

¶13    In sum, we conclude that there was reasonable suspicion for the search such that the circuit court properly denied Spaulding's motion to suppress evidence obtained from the search.

> *By the Court.*—Judgment affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.